IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE ETHERIDGE, and JENNIFER BRANSON, | |
| Plaintiffs, | Case No. 23-cv-00628-SPM |
| v. | |
| JAMIE JAMES, KEVIN KRIPPS, CENTRALIA POLICE DEPARTMENT, and MARION COUNTY POLICE DEPARTMENT, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Tyrone Etheridge initiated this action pro se while in custody at the Clinton County Jail. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. Section 1915A and for purposes of case management.

### THE COMPLAINT

Plaintiff alleges that once in 2020 and again in 2021, he was illegally detained. The first instance occurred on April 27, 2020, when he was visiting Jennifer Branson at her house in Central City, Illinois. (Doc. 1, p. 6). In the middle of the night, Marion County Police Officer Kevin Kripps knocked on the door. Branson opened the door, and Kripps requested to enter the house and ask Branson and Plaintiff a few questions. They refused. Kripps then asked if Plaintiff and Branson would come outside so that he could speak with them, and again, they said no. Plaintiff then attempted to shut the door, and Kripps put his boot out to prevent the door from closing. Kripps and other officers told Branson and Plaintiff that if they did not come outside then they would be

arrested. They then agreed to come out and closed the door behind them. Plaintiff sat in a chair in the yard and Branson sat on his lap without shoes or a coat for three hours. Plaintiff states the officers were waiting to see if a warrant would be issued. Plaintiff and Branson asked to leave several times and were denied. They were not allowed to reenter the house, even to use the bathroom. (*Id.*).

On October 13, 2021, in the middle of the night, Centralia Police Officer Jamie James tried to force his way into Plaintiff's camper in Centralia, Illinois. (Doc. 1, p. 6). Plaintiff was removed from the camper wearing only his boxers. Plaintiff was placed in handcuffs, and the handcuffs were so tight that they cut into his wrists. (*Id.*). He was taken to the Centralia Police Station and placed in a concrete and steel cell with only a metal bench. (*Id.* at p. 7). Plaintiff remained handcuffed and in his underwear. Eventually, the handcuffs were removed. For several hours, Plaintiff stayed in the cell and was denied water, the use of a bathroom, and a blanket. After being questioned, Plaintiff was transported to Carlyle, Illinois. He still was not provided clothes to wear. (*Id.*).

Plaintiff alleges that in both situations he was illegally detained, and his civil rights were violated.

## PRELIMINARY DISMISSAL

In addition to himself, Tyrone Etheridge, Plaintiff lists Jennifer Branson as a plaintiff. Branson, however, did not sign the Complaint, pay the filing fee, or file a motion to proceed *in forma pauperis.* There is no address of record for her, and she has not filed anything in this case. There is no indication that Branson is aware that she is joined as a plaintiff in this federal lawsuit. It appears that Plaintiff maybe attempting to litigate this case on Branson's behalf, which he cannot do. Plaintiff is only entitled to assert his own rights, and as he is not an attorney, he may not represent others in this matter. *Massey v. Helman,* 196 F.3d 727, 739-40 (7th Cir. 1999).

Accordingly, the Court will dismiss Jennifer Branson without prejudice from this case.

### DISCUSSION

The Complaint runs afoul of the rules of joinder. FED. R. CIV. P. 18-21. Specifically, Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The incidents at Central City, Illinois that gave rise to Plaintiff's claims there are distinct in time and place from the incidents at Centralia, Illinois, which occurred over a year later. Furthermore, different Defendants were involved at each location. Thus, the Complaint presents at least two sets of claims against different Defendants arising from separate transactions or occurrences.

Pursuant to *Dorsey v. Varga,* 55 F.4th 1094, 1107-08 (7th Cir. 2022), Plaintiff's Complaint will be stricken based on the improper joinder issues described above. He may pursue only related claims against a single group of defendants in this case and must file separate lawsuits to pursue his other claims. Because Plaintiff is in the best position to decide which claims he intends to pursue in this lawsuit, he will be given an opportunity to amend the Complaint before the Court conducts the required merits screening of his claims under Section 1915A.

### DISPOSITION

Plaintiff Jennifer Branson is **DISMISSED without prejudice** from this lawsuit. The Complaint (Doc. 1) is **STRICKEN** for improper joinder of claims and/or defendants. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **November 27, 2023,** that

focuses on one claim or set of related claims against one or more defendants that arises from a single transaction or occurrence or series of transactions or occurrences.

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 23-cv-00628-SPM)**. Plaintiff should identify each defendant in the case caption and include sufficient factual allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ....").

Should Plaintiff attempt to bring unrelated claims against different groups of defendants in the same Complaint, the Court will exercise its discretion under Rule 21 to sever or dismiss them. Therefore, Plaintiff should instead file one or more additional lawsuits to address each distinct group of claims he wishes to pursue. If he chooses to do so, Plaintiff should remain mindful of the 2-year statute of limitations applicable to his claims under Section 1983 and should file any new lawsuit before the 2-year time period expires. Plaintiff will be obligated to pay a separate filing fee for each additional suit he files, and he will receive a "strike" for any suit that is dismissed because it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(g).

If Plaintiff fails to file his First Amended Complaint *in this case* within the allotted time or

consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice for failure to comply with a court order and/or failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to mail Plaintiff two blank civil rights complaint forms.

**IT IS SO ORDERED.**

**DATED: October 27, 2023**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**