IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRONE ETHERIDGE,** | |
| **Plaintiff,** | |
| v. | Case No. 23-cv-00628-SPM |
| **OFFICER DALEY, and OFFICER JAMIE JAMES,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Tyrone Etheridge, currently in custody at Clinton County Jail, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. Plaintiff initiated this case on February 21, 2023, alleging that he was unlawfully arrested and detained on two separate occasions by two difference police departments, once in 2020 and again in 2021. The Complaint was stricken for improper joinder of claims and/or defendants. (Doc. 10). Plaintiff was granted leave to file an amended complaint. He missed the deadline, and the case was closed. (Doc. 13). Plaintiff then filed a motion for reconsideration asking the Court to reopen the case and allow him to amend. (Doc. 15). The motion was granted, and he filed the Second Amended Complaint that is currently before the Court. (Doc. 17). Typically, at this stage, the Court would conduct a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. §1915A. Upon review of the complaint and the public record, however, the Court finds it necessary to stay this case, rather than conduct an initial review at this time.

### SECOND AMENDED COMPLAINT

Plaintiff alleges that on October 13, 2021, Centralia Police Department, led by Lieutenant James and Officer Daley, arrived at the camper where he and his girlfriend were staying. (Doc. 20,

p. 6). He states that police attempted to break down the camper door "for no apparent reason." Plaintiff then opened the door to find police surrounding the camper. He asked why they were there but did not receive an answer. Lieutenant James ordered Officer Daly to handcuff Plaintiff so that they could arrest his girlfriend. Plaintiff asserts that Officer Daly placed him in handcuffs so tight that they sliced his wrists. He was escorted to a squad care wearing only his boxer shorts, taken to the Centralia Police Station, and placed in a holding cell. Plaintiff states he was denied water, a blanket, clothing, and the use of a bathroom. He was left in the cell for over two and half hours by Officer Daley and Lieutenant James, while they attempted to obtain a warrant. Plaintiff was then taken by an officer to the Clinton County Jail. (*Id.*).

Plaintiff argues that he was unlawfully arrested and detained, humiliated, and punished for unknown and unjust reasons. He contends that because of the actions of the Centralia Police Department he remains in custody. Plaintiff states that body cam footage supporting his allegations has been placed into evidence in his federal criminal case being prosecuted in this District before Chief Judge Rosentengel. Evidence will be heard and the body cam footage will be reviewed in connection with a motion to suppress pending in that criminal case. Plaintiff seeks monetary damages, the charges of his criminal case stemming from this incident on October 13, 2021, to be dismissed, and to be released on bond. (Doc. 20, p. 7).

## DISCUSSION

The Court finds that given the nature of the claims presented in the Second Amended Complaint, this case must be stayed pending resolution of Plaintiff's federal criminal proceedings. As Plaintiff states, criminal charges are currently being prosecuted against him in this District that are linked to the events of October 13, 2021, as alleged in his complaint. *See USA v. Etheridge*, Doc. 3, No. 21-cv-30164-NJR (S.D. Ill.).[1] A jury trial is set for November 12, 2024, and a motion

---

[1] *See Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (courts may take judicial notice of matters of public record, including public court documents).

to suppress evidence remains pending. Because Plaintiff is claiming in this civil case that his arrest and subsequent detention on October 13, 2021, were illegally conducted, and he challenges the charges brought as a result, it is more than likely that his civil claims "involve constitutional issues that may be litigated during the course of his criminal case." *Gakuba v. O'Brien,* 711 F. 3d 751, 753 (7th Cir. 2013). The Court will therefore not allow Plaintiff to concurrently litigate issues regarding his arrest and detention on October 13 in this civil action while his criminal case proceeds.

> The Northern District Court has observed:
>
> A criminal defendant may not utilize constitutional tort litigation to supplement—or sidetrack—the criminal proceedings. Parallel civil and criminal proceedings create the possibility of inconsistent rulings. Even if both proceedings are assigned to the same judge, there is the matter of the timing and appealability of the respective rulings. A criminal defendant may raise Fourth Amendment objections to his arrest and search in pretrial motions, but must wait until final judgment to appeal the ruling. If a district court proceeded to decide the same constitutional issues in a separate civil suit, it could result in an appeal from the judgment (or an interlocutory appeal of the denial of qualified immunity) while criminal proceedings were pending.

*Rankins v. Winzeler,* No. 02 C 50507, 2003 WL 21058536, at *6 (N.D. Ill. May 9, 2003) (citing *Deaver v. Seymour*, 822 F.2d 66, 68–71 (D.C. Cir. 1987)). Not only could inconsistent rulings result from allowing Plaintiff to continue with this case, but pursuant to the doctrine of collateral estoppel, he may be barred from even challenging in this civil case the lawfulness of the arrest and detention once the criminal court has entered a final ruling. *See Key v. Romeoville Police Dep't,* No. 15 C 9266, 2016 WL 4765710, at *5 (N.D. Ill. Sept. 13, 2016) (citing to *Rankins,* 2003 WL 21058536 at *6-7); *Pennington v. Flack,* No. 19-CV-228-MAB, 2020 WL 2839809, at *2 (S.D. Ill. June 1, 2020) ("Although *Younger* and *Gakuba* dealt with ongoing state proceedings, this Court sees no reason why their underlying concerns would not extend to federal criminal proceedings.").

These are just some of the issues that could arise by permitting Plaintiff to prosecute his civil constitutional claims while his criminal case is pending. Therefore, because Plaintiff's civil

claims arise out of facts and circumstances at issue in a parallel criminal proceeding, the Court finds it appropriate to stay this case pending the entry of final judgment in case *USA v. Etheridge*, No. 21-cv-30164-NJR (S.D. Ill.). *See Wallace v. Kato,* 549 U.S. 384, 393 (2007) (when "a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

## DISPOSITION

The Court *sua sponte* **STAYS** this case pending final judgment by the District Court in the ongoing criminal proceedings in *USA v. Etheridge*, No. 21-cv-30164-NJR (S.D. Ill.). Within 60 days of the entry of judgment in the criminal case *USA v. Etheridge*, Plaintiff is **ORDERED** to notify the Court of the judgment and whether he has filed a notice of appeal. Failure to do so will result in dismissal of this case for failure to comply with an order of the Court and for failure to prosecute.

The Court expresses not opinion on the sufficiency of the Second Amended Complaint or the merits of Plaintiff's claims. The Court will conduct a merit review of the Second Amended Complaint pursuant to Section 1915A once the stay is lifted.

**IT IS SO ORDERED.**

**DATED:   October 9, 2024**

                                                    *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**