IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE ETHERIDGE,<br><br>           Plaintiff,<br><br>v.<br><br>JAMIE JAMES, *et al.*,<br><br>           Defendants. | Case No. 23-cv-00628-SPM |

## ORDER DISMISSING CASE

**MCGLYNN, District Judge:**

Plaintiff Tyrone Etheridge filed this action pursuant to 42 U.S.C. § 1983 while in custody at Clinton County Jail for the violation of his constitutional rights. In the Complaint, Plaintiff alleged that he was unlawfully arrested and detained on two separate occasions by two different police departments, once in 2020 and again in 2021. (Doc. 1). The Court struck the Complaint for improper joinder of claims and/or defendants. (Doc. 10). Plaintiff was granted leave to file an amended complaint. He missed the deadline, however, and the case was closed. (Doc. 13). Plaintiff then filed a motion for reconsideration asking the Court to reopen the case and allow him to amend. (Doc. 15). The motion was granted, and he filed the First Amended Complaint. (Doc. 18). The First Amended Complaint was dismissed for failure to state a claim, and Plaintiff was given another opportunity to replead his claims. (Doc. 19).

After Plaintiff filed a Second Amended Complaint, the Court entered an order staying this case. (Doc. 21). In the Second Amended Complaint, Plaintiff claims that his arrest and subsequent detention on October 13, 2021, were illegally conducted, and he challenges the charges brought as a result. At the time, however, criminal charges linked to the events of October 13, 2021, were being prosecuted against Plaintiff in this District. *See USA v. Etheridge*, Doc. 3, No. 21-cr-30164-

NJR (S.D. Ill.). Because Plaintiff's civil claims arise out of facts and circumstances at issue in a parallel criminal proceeding, the Court found it appropriate to stay this case pending the entry of final judgment in criminal case *USA v. Etheridge,* No. 21-cr-30164-NRJ. Within 60 days of the entry of judgment in his criminal case, Plaintiff was ordered to notify the Court. Plaintiff was warned that failure to do so would result in dismissal of this case for failure to comply with an order of the Court and for failure to prosecute. Judgment in the criminal case was entered on February 25, 2025, 60 days passed, and Plaintiff did not file anything in this civil case. *See USA v. Etheridge,* at Doc. 187.

On July 2, 2025, the Court entered a show cause order directing Plaintiff to show cause why this case should not be dismissed for failure to prosecute. (Doc. 22). The Court observed that judgment in Plaintiff's criminal case was entered on February 25, 2025, and yet, the Court has not received any communication from Plaintiff. Again, Plaintiff was warned that failure to comply with the Court's order would result in dismissal.

On July 16, 2025, the Court received back the Show Cause Order returned as undeliverable with the notation "unable to forward." (Doc. 23). Despite repeated instructions to notify the Court of any changes in address, Plaintiff has failed to update the Court on his current whereabouts. (*See* Doc. 4, 10, 17, 19).

Plaintiff has not filed anything with the Court by the deadline prescribed in the order staying the case or participated in this action since submitting his Second Amended Complaint over a year ago on May 28, 2024. (Doc. 20). Furthermore, the Court does not have a current address for Plaintiff and will not independently investigate his whereabouts. The Court sees no reason to allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED** with prejudice for failure to comply with orders of the Court and for failure to prosecute his claims. *See* FED. R. CIV.

P. 41(b). The dismissal does not count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** July 28, 2025

                                                     *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**